UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA MCKAY                              CIVIL ACTION

VERSUS                                      NO: 08-4337

HERTZ VEHICLE ET AL                         SECTION: "J" (5)

**ORDER AND REASONS**

Before the Court is Defendant Hertz Corporation's **Motion for Summary Judgment** (Rec. D. 50). This motion, which is opposed, is set for hearing on March 31st, 2010. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Defendant Hertz Corporation's **Motion for Summary Judgment** (Rec. D. 50) should be **DENIED.**

**FACTUAL AND PROCEDURAL BACKGROUND:**

On July 9th, 2007, Plaintiff was involved in a car accident with Dennis Stegmeier. Mr. Stegmeier was driving a rented vehicle from Hertz Corporation and Hertz Vehicle LLC ("Hertz"). At the time of the accident, Mr. Stegmeier was an employee of the Army Corps of Engineers working doing demolition and debris removal from Hurricane Katrina. Plaintiff sued both Mr. Stegmeier and

Hertz on February 13th, 2008 in the City of New Orleans. This case was removed from Orleans Parish Civil Court in September of 2008.

In May 2009, the government moved to substitute itself in place of Mr. Stegmeier assuming its respondeat superior responsibility.

**DISCUSSION:**

Defendant Hertz Corporation moves this Court to dismiss Plaintiff's claims pursuant to La. R.S. 29:721 *et seq* which provides immunity for employees of the government engaged in emergency preparedness and recovery activities. Defendant argues that since Mr. Stegmeier was acting in his capacity as a government employee when the accident occurred, he cannot be liable.

The Plaintiff argues in opposition that the immunity granted to disaster workers in La. R.S. 29:721 *et seq* does not apply to a car accident nearly two years after the emergency in which it is alleged that the employee in question ran a red light.

The government seems to take no position with respect to immunity but instead points out three cases to the Court in which the government took the position that it was entitled to immunity pursuant to La. R.S. 29:721 *et seq*. In the final case cited by the Government, <u>Banks v. City of New Orleans</u>, 628 F. Supp. 2d 686, 692 (E.D. La. 2009), the court found that an alleged tort

2

which takes place two years after an emergency is not covered by the state's emergency immunity statute.

The United States, as a sovereign, is immune from suit except to the extent that it has waived its sovereign immunity. <u>FDIC v. Meyer,</u> 510 U.S. 471 (1994); <u>United States v. Mitchell</u>, 463 U.S. 206,(1983); <u>United States v. Orleans</u>, 425 U.S. 807, 813-814,(1976). Congress waived the federal government's immunity under limited circumstances by the passage of the Federal Tort Claims Act (hereafter "FTCA"). The FTCA allows parties to bring suit against the federal government only for "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment…" 28 U.S.C. § 1346(b). Because the waiver of sovereign immunity is so limited, it must be strictly construed by the courts. <u>Owen v. United States</u>, 935 F.2d 734 (5th Cir. 1991).

It is a well-settled general principle that the tort liability of the United States is, in actions under the FTCA, governed by the law of the state where the tortious conduct took place. <u>See</u> <u>e.g.</u>, <u>Aretz v. United States</u>, 604 F.2d 417, 429 (5th Cir. 1979). Therefore, Louisiana tort law applies.

The Defendant seeks an application of Louisiana state law, La. R.S. 29:721 *et seq*, which provides that:

> Neither the state nor any political subdivision

> thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees or representatives of any of them engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons or damage to property as a result of such activity.

In Lockett v. New Orleans City, 639 F. Supp. 2d 710, 730 (E.D. La. 2009), this Court indicated that §29:735(a)(1) immunity has been limited to events contemporaneous or directly in preparation for emergent events. See In Re Katrina Canal Breaches Consolidated Litigation, 2008 U.S. Dist. LEXIS 90520, 2008 WL 4691623 (E.D. La. Oct. 22, 2008). As recognized by the Fifth Circuit in Banks v. Parish of Jefferson, 990 So.2d 26, 32 (5th Cir. 2008),"[Emergency] preparedness immunity pursuant to La. Rev. Stat. § 29:735 has never been granted to activities performed outside of a declared state of emergency."

Since the Court finds that there is not a sufficient temporal relationship between the alleged accident and the protections intended by La. R.S. 29:721 *et seq*, the Court need not make a factual finding as to whether or not Mr. Stegmeier would otherwise be entitled to immunity.

4

Accordingly,

**IT IS ORDERED** that Defendant Hertz Corporation's **Motion for Summary Judgment** (Rec. D. 50) is **DENIED.**

New Orleans, Louisiana, this 31st day of March, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE